SHERIFF OF SUFFOLK COUNTY *vs.* JAIL OFFICERS AND EMPLOYEES OF SUFFOLK COUNTY. No. 03-P-1154. November 5, 2004. *Due Process of Law,* Pretrial detainees. *Arbitration,* Authority of arbitrator.

Leonard Gibson, a pretrial detainee, was assaulted by two jail officers, Eric Donnelly and William Benson, while housed at the medical unit of the Suffolk County jail. A hearing officer of the sheriff's department of Suffolk County rejected the two officers' contention that Gibson's wounds were self-inflicted and found that subsequent to a verbal altercation with Gibson, the two officers entered his cell and assaulted him. The sheriff's investigation of the incident alleged that a third jail officer, Joseph Upton, witnessed some aspects of the events, failed to report the matter to his superior officer, and lied to investigators in an attempt to cover up the malfeasance. For these violations, Upton was terminated by the sheriff. The termination was grieved by AFSCME, Council 93, AFL-CIO, Local 1134 (union), claiming that Upton's termination violated the just cause provisions of the collective bargaining agreement.

After a hearing, the arbitrator found that Gibson had been assaulted, that Upton had witnessed it, that Upton had failed to file a proper report and maintain a proper log, and that Upton had not cooperated with the investi-

gation. The arbitrator thus found that there was just cause for the imposition of discipline against Upton, but revoked his discharge, ordering him "suspended for six months with no pay or benefits and without accumulation of seniority" from the original date of discharge. Upton was ordered to "be reinstated [at the end of six months] with full back pay and benefits, less any outside earnings and/or unemployment compensation."[1] The sheriff filed a complaint under G. L. c. 150E, § 11, in Superior Court to vacate the arbitration award, arguing that it exceeded the arbitrator's authority and was contrary to public policy. On cross motions for summary judgment, a Superior Court judge denied the sheriff's motion and allowed the union's motion, and confirmed the award. The sheriff has appealed.

In light of the Supreme Judicial Court's narrow view of what conduct might violate public policy, see cases collected in *Boston* v. *Boston Police Patrolmen's Assn.*, 60 Mass. App. Ct. 920, 921-922, further appellate review granted, 442 Mass. 1103 (2004), we affirm the judgment. That case differed only slightly as it concerned the submission of a false report and the filing of false criminal charges by a police officer. In both cases, the final element necessary to a proper finding that an arbitrator's award was contrary to public policy was lacking, i.e., "the conduct at issue cannot simply be 'disfavored conduct, in the abstract, . . . [but must instead be] disfavored conduct which is integral to the performance of employment duties' (emphasis omitted). [*Bureau of Special Investigations* v. *Coalition of Pub. Safety*, 430 Mass. 601, 604-605 (2000)], quoting from *Massachusetts Hy. Dept.* v. *American Fedn. of State, County and Mun. Employees, Council 93*, 420 Mass. 13, 16-17 (1995)." *Boston* v. *Boston Police Patrolmen's Assn., supra* at 921. While the result may be unpalatable for the reasons stated, *id.* at 922, it also appears to be compelled.

*Judgment affirmed.*

*Ellen M. Caulo* for the plaintiff.
*Stephen C. Pfaff* for the defendant.

---

[1]In the Superior Court proceedings, both parties informed the court that they interpreted the back pay award "as ordering an unpaid suspension for six months, with back pay and benefits accruing only for whatever period passes between the end of the suspension and the officer's reinstatement," rather than for full back pay for the period of the suspension.

